## McGregor v. Johnson.

Assumpsit on the following: "Clinton, March 19, 1847. We agree to pay *Thomas Johnson* 200 dollars on account of freight to be taken from this place to *New Orleans*, by *Samuel Case*, in a flat-boat; to be paid after said freight is delivered at *New Orleans*, as per contract with said *Case*. By order from said *Case*. James Dudley and Co." Held, that *Johnson* could not recover unless *Case* had complied with his contract.

*Thursday,
May 30.*

ERROR to the *Vigo* Circuit Court.

Smith, J.—Assumpsit by the defendant in error against the plaintiff in error. The first count of the declaration alleges that an agreement was made in writing by *James Dudley, Isaac Sanford*, and *McGregor*, the defendant, as partners, under their firm name of "*James Dudley* and *Co.*", with the plaintiff, to pay the latter 200 dollars, on account of freight to be carried by one *Case*, on a flat-boat, from the town of *Clinton*, in this state, to *New Orleans;* said sum to be paid after the delivery of the freight at *New Orleans*, as per contract with said *Case*. The plaintiff averred that said freight was delivered, according to the contract, by *Case*, and that the defendant had not paid, &c. The second count was for the value of a flat-boat sold and delivered; and the third count was for money had and received.

The case was tried upon the general issue, and the plaintiff recovered a judgment for 210 dollars.

The evidence to sustain the judgment was as follows:

In *January*, 1847, *Dudley* and *Co.* made the following contract with *Case:*

"*Terre Haute, January* 26th, 1847.

"*Samuel S. Case* agrees to freight one flat-boat load of pork, lard, and bacon, to be loaded at *Clinton, Indiana,* on account of *James Dudley* and *Co.,* at the following rates: For barreled pork, and lard, 62½ cents per barrel; keg lard, 10 cents per keg; bacon, in casks, 27½ cents per 100 lbs. nett; to be delivered in *New Orleans* to whomever *James Dudley* and *Co.* may consign. The boat is 100 feet long by 20 wide, to be built in a substantial manner, and to be ready by the first rise of water in the spring. If any flour is shipped on this boat to be ——. Mr. *Case* agrees to keep the boat hands three days after the boat gets in to *New Orleans* to unload, and the steersman, if he is needed longer than three days, to be paid 1 dollar per day, after the three days. The above is a contract if Mr. *Alexander McClure* recommends Mr. *Case* as a good steersman, and the boat be a good one.

"(Signed)        *Samuel S. Case.*"

*Case,* who was introduced as a witness by the plaintiff, testified to the following facts:

*Case* had, early in the winter, contracted with *Johnson,* the plaintiff, for the purchase of the boat he intended to freight for *Dudley* and *Co.,* at the price of 325 dollars. About the 8th of *March, Sanford* was at *Clinton* shipping the freight which *Dudley* and *Co.* had there for transportation, and he sent a letter to *Case* complaining of his delay and requiring him to bring the boat down. *Case* then went to *Clinton* and told *Sanford* that *Johnson* wished to get off from his contract, and would not let the boat go without the money or security; whereupon *Sanford* told *Case* to go back and tell *Johnson* to bring on the boat as soon as possible and he could have the money. About the 26th of *March, Case,* in company with *Johnson,* brought the boat to *Clinton* in an unfinished state. *Sanford* had

then been gone several days with part of the freight destined for *New Orleans*. *Case* then finished and loaded the boat, and, on the 29th, he desired to start, but, under the advice of an experienced person that the river was too low, *Dudley* and *Co.* refused to permit him to do so. On the day last mentioned *Case* drew an order on *Dudley* and *Co.*, in favor of *Johnson*, for about 269 dollars, having previously paid him the balance of the price of the boat. *Johnson* presented this order to *Dudley* and *Co.*, who paid him 69 dollars, and gave him the obligation mentioned in the first count of the declaration, which was in the following words:

" *Clinton*, *March* 29th, 1847.

" We agree to pay *Thomas Johnson* 200 dollars on account of freight to be taken from this place to *New Orleans*, by *Samuel Case*, on a flat-boat; to be paid after said freight is delivered at *New Orleans*, as per contract with said *Case*. By order from said *Case*.

" *James Dudley* and *Co.*".

Two or three days after these transactions *Case* finished loading the boat and started by the direction of *Dudley*. He proceeded safely until he reached a point near *New Harmony*, where the boat ran upon a sand-bar and was stranded. He had the freight (except a cask of hams, which, being injured by exposure, were put on shore and left,) taken out of the flat-boat and put upon a steam-boat, and having received for his charges, paid by the steam-boat, a sum of money, which, with the 269 dollars above mentioned, amounted to 760 dollars, he returned home. He did not pay the steam-boat freight.

*Case* further stated that he had afterwards heard a conversation, in which *McGregor* said, the freight arrived at *New Orleans*, except a cask of hams and some 40 kegs of lard.

The defendant gave in evidence the bill of lading of the freight shipped on the flat-boat, by which it appeared that the amount *Case* would have been entitled to receive, if he had delivered the whole in *New Orleans*, according to his contract, was about 645 dollars.

There was upon the bill of lading a receipt signed by

*Case* for 268 dollars and 73 cents on account of the freight, which was for the 200 dollars specified in the obligation given by *Dudley* and *Co.* to *Johnson* and the sum paid him in cash.

The plaintiff in error contends that he is only bound according to the tenor and effect of the obligation signed by *Dudley* and *Co.*, on the 29th of *March*, 1847, and that the plaintiff below was not entitled to recover, because *Case* did not deliver the freight in *New Orleans* as he had contracted to do.

The defendant in error, on the other hand, insists that he was no party to the contract between *Case* and *Dudley* and *Co.*, and that, upon a fair construction of the agreement made by *Dudley* and *Co.* with him, the delivery of the freight, by *Case*, in *New Orleans*, according to the contract between *Case* and *Dudley* and *Co.*, was not a condition precedent to the right of the defendant in error to recover in this suit. He contends that when, upon his presentation of the order of *Case*, *Dudley* and *Co.* paid him a sum of money in cash, and gave him their promise in writing to pay him 200 dollars, those sums were to be regarded as a payment in advance to *Case* on account of the freight, the object being to enable *Case* to obtain the boat of the defendant in error.

The defendant in error might, no doubt, have insisted upon payment being made to him before the delivery of the boat, or he might have required a note from *Dudley* and *Co.* for its price or value, but, evidently, he did not do so. The agreement signed by them is for the payment to *Johnson*, by the order of *Case*, of 200 dollars, on account of freight to be delivered at *New Orleans*, when said freight shall have been delivered by said *Case* according to his contract. The parties were competent to make such an agreement if they thought proper to do so. There was nothing in the attendant circumstances inconsistent with such an agreement, and there is no ambiguity in the words used. The contract proved corresponds precisely with that described in the first count of the declaration, but the material averment made in that count, that

May Term,
1850.

*Case* delivered the freight according to his contract, was not proved. On the contrary, it clearly appears, that *Case* did not perform his contract, but, after carrying the freight some distance down the *Wabash* river, he placed it on a steam-boat, and, having procured from the steam-boat a large sum of money for his charges, he abandoned it altogether, subjecting *Dudley* and *Co.*, or the freight itself, to the payment of such expenses as might afterwards be charged by other carriers for conveying it to its place of destination.

We think, therefore, that the evidence does not sustain the judgment, and that a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial, &c.

*W. D. Griswold* and *J. P. Usher*, for the plaintiff.

*J. A. Wright* and *E. W. McGaughey*, for the defendant.